

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Matthew DellaBetta*
*Assistant United States Attorney*
*Matthew.DellaBetta@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4857*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

January 31, 2018

**VIA EMAIL**
Jonathan Van Hoven, Esq.

Re:   Plea Agreement in the Case of
*United States v. DeAndre Anderson*
Criminal No. ELH-17-475

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by ~~February 22,~~ 2018, it will be deemed withdrawn. The terms of the agreement are as follows:   Apr 1 2  [signature] MD

## Offense of Conviction

Fourth [signature] MD

1.     The Defendant agrees to plead guilty to Count One of the ~~Third~~ Superseding Indictment now pending against him, which charges him with Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

## Elements of the Offense

2.     The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Beginning in or about January 2012 through on or about October 24, 2017, in the District of Maryland,

(1) There existed an agreement between two or more persons to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance; and a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

(2) The Defendant knew of this agreement;

(3) The Defendant knowingly and voluntarily participated in or became a part of this agreement; and

(4) The amount of heroin involved in the conspiracy attributable to the Defendant and to the other conspirators reasonably foreseeable to the Defendant is one kilogram or more of a mixture or substance containing a detectable amount of heroin.

## Penalties

3.        The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: life imprisonment, with a mandatory minimum 10 years of incarceration, followed by a term of supervised release of at least 5 years, and a fine of $10,000,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order the Defendant to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.        The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.        If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.        If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.        If the Defendant went to trial, the government would have the burden of

---

[1]        Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against his. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

From at least January 2012 through October 24, 2017, Ernest MCRAE and Jackie BAGLEY controlled and operated a drug trafficking organization ("DTO") operating in the vicinity of 1100 North Montford Avenue in Baltimore, the District of Maryland. The DTO distributed heroin, cocaine, and cocaine base.

Throughout July 2015 and February 2017, the Defendant participated in the DTO. During this period, the Defendant knowingly agreed with other members of the DTO to distribute heroin, a Schedule I controlled substance. On a daily basis, the Defendant conducted street-level drug sales to drug buyers. For example, on January 10, 2017, the Defendant sold an undercover officer twenty gel caps of heroin. On January 12, 2017, the Defendant sold fifty gel caps of heroin to an undercover officer.

The Defendant also served as one of the managers in the DTO, which included over a dozen members. As one of the managers of the DTO, the Defendant was responsible for managing a portion of the daily supply of narcotics for the DTO, providing bags of heroin gel caps to other street-level distributors of the DTO, and taking custody of drug proceeds from the distributors.

Over the course of the Defendant's participation in the conspiracy, it was reasonably foreseeable to the Defendant that the DTO distributed over one kilogram of heroin and a detectable amount of cocaine.

a.      The base offense level for Count One is at least 30 pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(5).

b.      Because of the Defendant's role as a manager in the criminal activity and the activity involved five or more participants, the offense level is increased by three levels pursuant to U.S.S.G. § 3B1.1(b).

c.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct pursuant to U.S.S.G. § 3E1.1(a). This Office also agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty.

d.      **The total offense level is therefore 30.**

7.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.      This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures, or adjustments set forth in the United States Sentencing Guidelines are in dispute.

## Rule 11(c)(1)(C) Plea

9.      The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **120 months of imprisonment** in the custody of the Bureau of Prisons is the appropriate disposition in this case. The parties agree that this sentence will run concurrent to the state sentence the defendant is presently serving. This agreement does not affect the Court's discretion to impose any lawful term of supervised release, restitution, or fine, or to set any lawful conditions of probation or supervised release. If the Court rejects this plea agreement, *either* party may elect to declare the agreement void. Should the Defendant elect to do so, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

10.     The parties agree that a sentence of **120 months of imprisonment** is a reasonable and appropriate sentence, taking into consideration the nature and circumstances of the offense, and the defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a).

11.     The parties request that the Bureau of Prisons designate the Maryland state facility where the defendant is currently serving the sentence for service of the defendant's federal sentence until the conclusion of the defendant's concurrent state sentence. At the conclusion of the Defendant's state sentence, the Bureau of Prisons will designate a federal facility near Maryland for service of the remainder of the Defendant's federal sentence.

## Obligations of the United States Attorney's Office

12.     At the time of sentencing, this Office will recommend a sentence of **120 months of incarceration.** The United States will also recommend that this sentence run concurrent with the Defendant's state sentence that he is currently serving.

13.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Waiver of Appeal

14.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

        a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

        b.      The Defendant and this Office knowingly waive all right, pursuant to 18

U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release.

        c.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

        d.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

     15.    The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. If the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

     16.    The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

**Entire Agreement**

17.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.


         If the Defendant fully accepts each and every term and condition of this agreement, please sign and have him sign the original and return it to me promptly.

                                        Very truly yours,

                                        Stephen M. Schenning
                                        Acting United States Attorney

By:      _____

                                        Matthew DellaBetta
                                        Assistant United States Attorney


         I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.


4-2-18                                 _____
_____
Date                                   DeAndre Anderson


         I am DeAndre Anderson's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

4/2/18                                 _____
_____
Date                                   Jonathan Van Hoven, Esq.


                                        -7-